UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, WELFARE FUND,
ANNUITY FUND, AND
APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND
INDUSTRY FUND, TRUSTEES OF THE
NEW YORK CITY CARPENTERS RELIEF
AND CHARITY FUND, THE NEW YORK
CITY AND VICINITY CARPENTERS
LABOR-MANAGEMENT
CORPORATION, and the NEW YORK
CITY DISTRICT COUNCIL OF
CARPENTERS,

**ORDER**

19 Civ. 5286 (PGG)

                    Petitioners,

          -against-

LINCRAFT CONTRACTING OF NASSAU,
INC.,

                    Respondent.

PAUL G. GARDEPHE, U.S.D.J.:

          Trustees of the New York City District Council of Carpenters Pension Fund,

Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and

Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund, the New

York City and Vicinity Carpenters Labor-Management Corporation (collectively, the "Funds"),

and the New York City District Council of Carpenters (the "Union") (collectively with the

Funds, "Petitioners") filed this Petition seeking to confirm an arbitration award that they

obtained against Respondent Lincraft Contracting of Nassau, Inc. pursuant to a collective

bargaining agreement and Section 301 of the Labor Management Relations Act ("LMRA"), as

amended, 29 U.S.C. § 185.  Although the Petition was served (Dkt. No. 7), Respondent has neither opposed the Petition nor otherwise appeared in this action.  For the reasons stated below, the Award will be confirmed.

## BACKGROUND

Petitioners Trustees of the New York City District Council of Carpenters Pension, Welfare, Annuity, Apprenticeship, Journeyman Retraining and Educational and Industry Funds are trustees of multiemployer labor-management trust funds.  (Pet. (Dkt. No. 1) ¶ 4)  Petitioners Trustees of the New York City District Council of Carpenters Relief are trustees of a charitable organization.  (Id. ¶ 5)  Petitioner New York City and Vicinity Carpenters Labor-Management Corporation is a not-for-profit corporation.  (Id. ¶ 6)  Petitioner New York City District Council of Carpenters is a labor organization certified as the bargaining representative for certain employees of the Respondent.  (Id. ¶ 7)  Respondent Lincraft Contracting of Nassau, Inc. is a privately held company and employer under the LMRA.  (Id. ¶ 8)

At all relevant times, Respondent was bound by a collective bargaining agreement ("CBA") with the Union.  (Id. ¶¶ 9-10; CBA (Dkt. No. 1-1); Extension and Compliance Agreement (Dkt. No. 1-2); Award (Dkt. No. 1-6) at 2)[1]  The CBA requires Respondent to contribute to the Funds based on the number of hours that employees worked.  (Pet. (Dkt. No. 1) ¶ 12; CBA (Dkt. No. 1-1) Art. XV § 1)  The CBA also requires Respondent to furnish its books and records to the Funds upon request to allow the Funds to ensure that Respondent is making the required contributions.  (Pet. (Dkt. No. 1) ¶ 13; CBA (Dkt. No. 1-1) Art. XV § 1)

---

[1] Citations to page numbers refer to the pagination generated by this District's Electronic Case Files ("ECF") system.

The dispute between the parties arose when Respondent refused to submit to an audit for the period starting on June 19, 2016.  (Pet. (Dkt. No. 1) ¶ 18; Arbitral Award (Dkt. No. 1-6) at 1)  Pursuant to the CBA, Respondent is bound by the Funds' Collection Policy.  (CBA (Dkt. No. 1-1) Art. XV § 2)  That Policy states that if an employer refuses to comply with the CBA's audit procedures, the Funds

> shall determine the estimated amount of the employer's delinquent contributions based on the assumption that the employer's weekly hours subject to contributions for each week of the requested audit period are the highest number of average hours reported per week for any period of four consecutive weeks during the audit period.  A determination under this paragraph shall constitute presumptive evidence of delinquency.

(Funds' Collection Policy (Dkt. No. 1-4) § IV(12))

The CBA provides that

> [s]hould any dispute or disagreement arise between the parties . . . concerning any claim arising from payments to the Fund of principal and/or interest which is allegedly due, either party may seek arbitration of the dispute before the impartial arbitrator. . . The arbitrator shall have full and complete authority to decide any and all issues raised by the submission and to fashion an appropriate remedy including, but not limited to, monetary damages.  The arbitrator's award in this regard shall be final and binding upon the parties . . . and shall be wholly enforceable in any court of competent jurisdiction.  The cost of the arbitration, including the fees to be paid to the arbitrator shall be included in the award and shall be borne by the losing party.

(CBA (Dkt. No. 1-1) Art. XV § 7)  Pursuant to the CBA and the Collection Policy, the Funds may obtain the following relief in any arbitration or lawsuit for unpaid contributions:  (1) the sum of unpaid contributions; (2) interest on the unpaid contributions; (3) liquidated damages; and (4) reasonable costs and attorneys' fees incurred by the Funds in collecting the delinquencies.  (CBA (Dkt. No. 1-1) Art. XV § 6; Funds' Collection Policy (Dkt. No. 1-4) § V)  The Collection Policy specifies that attorneys' fees "shall be assessed against a delinquent

employer, at the same hourly rate charged to the Funds for such services."  (Funds' Collection Policy (Dkt. No. 1-4) § V(6))

        On December 5, 2018, Petitioners initiated arbitration and sent a Notice of Hearing to Respondent.  (Pet. (Dkt. No. 1) ¶ 20; Notice of Hearing (Dkt. No. 1-5))  The arbitral hearing took place on March 21, 2019.  (Notice of Hearing (Dkt. No.1-5); Award (Dkt. No. 1-6)) Respondent did not appear at the hearing.  (Award (Dkt. No. 1-6) at 2)  At the hearing, Petitioners provided "uncontroverted testimony and evidence" that the CBA required Respondent to make certain contributions to the Funds and to allow Petitioners to audit Respondent's books and records to ensure that Respondent was making those contributions. (Id.)  The evidence also showed that Respondent had refused Petitioners' request to audit Respondent's books and records for the period starting on June 29, 2016.  (Id.)  Petitioners introduced into evidence a report that estimates the amount of Respondents' delinquent contributions.  (Id.)  In a March 25, 2019 award (the "Award"), the arbitrator determined that Respondent owed a total of $133,699.69, which includes $101,788.59 in delinquent contributions, $9,153.38 in interest, $20,357.72 in liquidated damages, $400.00 in court costs, $1,500.00 in attorneys' fees, and $500.00 for the arbitrator's fees.  (Id. at 2-3)

        On June 5, 2019, Petitioners filed the Petition, which seeks confirmation of the Award, attorneys' fees and costs arising out of this action, and post-judgment interest.  (Pet. (Dkt. No. 1) at 7)  Since then, Respondent has not paid any portion of the award.  (Id. ¶ 24) Respondent has likewise not responded to the Petition in any fashion, and has not appeared in this action.

**DISCUSSION**

I.      **APPLICABLE LAW**

"It is well established that courts must grant an [arbitrator's] decision great deference." Defuerco Int'l Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 388 (2d Cir. 2003). Accordingly, "confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'" D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (quoting Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984)). "Only a 'barely colorable justification for the outcome reached' by the arbitrators is necessary to confirm the award." Id. (quoting Landy Michaels Realty Corp. v. Local 32B-32J, Service Employees Int'l Union, 952 F.2d 794, 797 (2d Cir. 1992)).

Because a petition to confirm an arbitration award should be "treated as akin to a motion for summary judgment based on the movant's submissions," where the non-movant has failed to respond to a petition to confirm, the court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." D.H. Blair, 462 F.3d at 109-110 (citation omitted). Even unopposed petitions to confirm arbitration awards must "fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." Id. (quoting Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004) (quoting Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996)) (internal quotation marks omitted)).

II.     **ANALYSIS**

Here, Petitioners have demonstrated that there is no genuine issue of material fact that precludes granting them summary judgment as to all portions of the Award. Before issuing

the Award, the arbitrator considered the testimony and evidence presented at the hearing. (Award (Dkt. No. 1-6) at 2)  The arbitrator evaluated the CBA and concluded that Respondent was obligated to make its books and records available for an audit to ensure that Respondent had made the required contributions to the Funds for the period starting on June 29, 2016.  (Id. at 1-2)  The arbitrator further determined that Respondents had refused to make its books and records available for inspection as required.  (Id.)  The arbitrator concluded, based "[u]pon the substantial and credible evidence of the case as a whole," that Respondent was "in violation of the Collective Bargaining Agreement."  (Id. at 2)  The arbitrator further determined that Respondent was "obligated to pay the estimated amount of $101,788.59" in delinquent contributions "plus interest, liquidated damages, cost of the suit, attorney fees and the fee of the arbitrator."  (Id.)  As noted above, the arbitrator determined that the total amount owed was $133,699.69 with interest to accrue at 7.5% from the date of the Award.  (Id. at 3)

       The Award was within the powers granted to the arbitrator in the CBA, which states that in the event that a "dispute or disagreement arise between the parties . . . concerning any claim arising from payments to the Fund of principal and/or interest which is allegedly due, either party may seek arbitration of the dispute before the impartial arbitrator."  (CBA (Dkt. No. 1-1) Art. XV § 7)  The CBA further states that the "arbitrator shall have full and complete authority to decide any and all issues . . . and to fashion an appropriate remedy including . . . monetary damages."  (Id.)  The Award was consistent with the CBA.

       "[C]ourts are not authorized to review [an] arbitrator's decision on the merits [even in the face of] allegations that . . . the decision rests on factual errors or misinterprets the parties' agreements."  N.Y.C. Dist. Council of Carpenters Pension Fund v. Star Intercom & Constr., Inc., No. 11. Civ. 3015 (RJH), 2011 WL 5103349, at *4 (S.D.N.Y. Oct. 27, 2011)

(quoting Major League Baseball Players Ass'n v. Garvey, 532 U.S. 504, 509 (2001)) (internal

quotation marks omitted).  Here, of course, Respondent has made no such allegation.

A court "may vacate an arbitration award in four specific situations":

> "(1) where the award was procured by corruption, fraud, or undue means; (2)
> where there was evident partiality or corruption in the arbitrators . . .; (3) where
> the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon
> sufficient cause shown, or in refusing to hear evidence pertinent and material to
> the controversy; or of any other misbehavior by which the rights of any party have
> been prejudiced; or (4) where the arbitrators exceeded their powers, or so
> imperfectly executed them that a mutual, final, and definite award upon the
> subject matter submitted was not made."

In re Arbitration Between General Sec. Nat. Ins. Co. and AequiCap Program Administrators, 785

F. Supp. 2d 411, 417 (S.D.N.Y. Apr. 29, 2011) (quoting 9 U.S.C. § 10(a)).  Here, there is no

evidence that the arbitration's decision was unlawful, arbitrary, or in excess of the arbitrator's

authority.  Accordingly, this Court grants the unopposed Petition to confirm all aspects of the

Award.

## III.  ATTORNEYS' FEE AWARD

Petitioners' request for attorneys' fees arising out of this action is also granted.

"[C]ourts have routinely awarded attorneys['] fees in cases where a party merely refuses to abide

by an arbitrator's award without challenging or seeking to vacate it through a motion to the

court."  Abondolo v. H. & M.S. Meat Corp., No. 07 Civ. 3870 (RJS), 2008 WL 2047612, at *4-5

(S.D.N.Y. May 12, 2008) (collecting cases).  Under the CBA, Petitioners are entitled to

reasonable attorneys' fees and costs in a court action to collect delinquent funds.  (CBA (Dkt.

No. 1-1) Art. XV § 6)  The Funds' Collection Policy specifies that attorney fee awards are to be

assessed at the same rate that the Funds pay their counsel for legal services.  (Funds' Collection

Policy (Dkt. No. 1-4) § V(6))  The hourly rates sought by Petitioners here correspond with the

rates that the Funds themselves pay for legal services (Pet. (Dkt. No. 1) ¶ 32), and the requested

fees and costs are otherwise reasonable.  See, e.g., Trustees of New York City Dist. Council of
Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman
Retraining, Educ. & Indus. Fund v. Concrete Bros. Constr. LLC, No. 20-CV-2196 (JGK), 2020
WL 3578200, at *4 (S.D.N.Y. July 1, 2020) (awarding $350 hourly to partner at Virginia &
Ambinder, LLP ("V&A") and $120 per hour for legal assistants); Trustees of New York City
Dist. Council of Carpenters Pension Fund v. Earth Constr. Corp., No. 19-CV-5411 (ALC), 2020
WL 614740, at *3 (S.D.N.Y. Feb. 10, 2020) (awarding $275 per hour for V&A associates).

## IV.  POST-JUDGMENT INTEREST

Petitioners' request for post-judgment interest at the statutory rate (Pet. Br. (Dkt.
No. 5) at 7) is also granted.  "28 U.S.C. § 1961(a) mandates post-judgment interest for civil
money judgments recovered in federal district court."  Trs. of the N.Y. City Dist. Council of
Carpenters Pension Fund v. S&S Kings Corp., No. 19-CV-01052 (RA), 2019 WL 4412705, at *4
(S.D.N.Y. Sept. 16, 2019) (confirming arbitration award and granting pre- and post-judgment
interest) (citing Westinghouse Credit Corp. v. D'Urso, 371 F.3d 96, 100 (2d Cir. 2004)).
"'[P]ost-judgment interest 'shall be calculated from the date of the entry of the judgment.'"  Id.
(quoting 28 U.S.C. § 1961(a)).

## CONCLUSION

For the reasons stated above, the Petition to confirm the arbitration award (Dkt.
No. 1) is granted.  The Clerk of Court is directed to enter judgment confirming the arbitration
award in the amount of $133,699.69, with interest accruing at 7.5% percent as of March 25,
2019, until entry of judgment.  The Clerk is also directed to include in the judgment $990.00 in
attorneys' fees and $400 in costs.  Post-judgment interest on the entire amount will accrue from

the date of the judgment at the rate provided by 28 U.S.C. § 1961(a).  The Clerk of Court is

directed to close this case.

Dated:  New York, New York
        August 23, 2020

                                    SO ORDERED.

                                    _____
                                    Paul G. Gardephe
                                    United States District Judge